**Fos Teene E. GRIGGS, Plaintiff,**

v.

**Paul Christopher FARMER, Defendant.**

**Civ. A. Nos. 4878–A, 4938–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Aug. 1, 1969.

---

**1186**

Edward M. Holland, Arlington, Va., for plaintiff.

Anthony J. Sicilano, Arlington, Va., for defendant.

## MEMORANDUM

MacKENZIE, District Judge.

On June 27, 1968, the plaintiff filed suit designated Civil Action 4878–A in this Court. Count I of the complaint asks damages for the breach of promise to marry and charges that the defendant breached that promise on and after June 29, 1966. Count II asks damages for bodily injury caused by defendant's negligence on June 29, 1966. Count III of that complaint asks punitive damages for gross negligence as to the bodily injuries inflicted as alleged on June 29, 1966 in Count II.

In the depositions of the plaintiff, it has been developed that the breach of promise to marry and the bodily injury, if any, actually occurred on June 25, 1966 and not June 29, 1966 as alleged.

The defendant moves to dismiss Count I of the complaint (Breach of Promise) on the grounds that any recovery therefrom is barred by the Virginia Statute of Limitations if suit is not brought within one year (i. e., brought on or before June 25, 1967). He also moves to dismiss Count II and Count III of the complaint on the grounds that this claim is barred by the Virginia Statute of Limitations because the suit was not brought within two years of the injury (i. e., brought on or before June 25, 1968).

---

There is also pending in this Court, Civil Action 4938–A, a motion for judgment brought by the same plaintiff against the same defendant in the Circuit Court of Arlington County for breach of promise. This suit has been properly removed to this Court. The date of its original filing in the Circuit Court of Arlington County, Virginia was June 20, 1968. This suit also alleges June 29, 1966, as the critical date on which the breach of promise occurred. The defendant moves also to dismiss this action for breach of promise on the grounds that it would be barred by the one year Virginia Statute of Limitations applicable to breach of promise in Virginia (i. e., the suit must have been instituted on or before June 25, 1967).

---

The plaintiff concedes that the Virginia Statute of Limitations set forth in § 8–24 of the Code of Virginia of 1950, as amended, as applicable, is one year [Grubbs, Administrator v. Sult, 32

Gratt. (73 Va.) 203 (1879)] where special damages are not alleged. She further agrees that no allegation of special damage is made in either of the two breach of promise suits. She insists, however, she ought to be granted the opportunity to amend the complaints to allege that there were certain special damages, to-wit, the purchase by the plaintiff of pots, pans, a trousseau, a wedding gown, etc.

Plaintiff also concedes that her action for bodily injury through negligence (Count II of the action originally filed in the Federal Court) would likewise be barred by the Virginia Statute of Limitations since the date of injury was actually June 25, 1966 and not June 29, 1966 as alleged by her in her action filed June 27, 1968 (i. e., filed two years and two days after the cause of action arose). She asks that she be allowed to amend her action, commenced on June 20, 1968 in the Circuit Court of Arlington County, Virginia, to add a count thereto for personal injury and by relation back to June 20, 1968, to thus bring the suit within the two year Virginia Statute of Limitations applicable. In our opinion all of the motions to dismiss are well taken and all counts in Civil Action 4878–A and Civil Action 4938–A should be dismissed.

Nor are we disposed to allow the plaintiff to amend either of the breach of promise actions, which were both barred by the one year Virginia Statute of Limitations on June 25, 1967, a date far in advance of June 20, 1968, the date of the commencement of the State Court action, or June 27, 1968, the date of the Federal Court action. No special damages were ever alleged in either suit and we do not believe that the plaintiff's purchase of pots, pans, china, trousseau and a wedding gown, even if true, are special damages which would warrant the extension of the one year limitation on a breach of promise suit, as imparting thereto some hue which would cause the action to survive were a party to die.

Nor will we allow an amendment of the breach of promise suit filed in the state court on June 20, 1968, to convert it into an entirely new claim for relief based on tortious bodily injury and on an entirely different set of facts. To allow such an amendment and to relate it back is to call into play entirely unrelated conduct to that complained of in the original suit. Moore's Federal Practice, Second Edition, Vol. 3 ¶15.15[3], page 1026.

Counsel will present proper orders in both pending suits sustaining motions to dismiss, each in accord with this Memorandum.