**Fos Teene E. GRIGGS, Appellant,**

v.

**Paul Christopher FARMER, Appellee.**

**No. 14138.**

United States Court of Appeals,
Fourth Circuit.

Argued June 3, 1970.

Decided July 29, 1970.

Edward M. Holland, Arlington, Va. (Tolbert, Lewis & FitzGerald, Arlington, Va., on the brief), for appellant.

Paul F. Sheridan, Washington, D. C., and Paul C. Farmer (Anthony J. Siciliano, and Siciliano, Daly & Ellis, Arlington, Va., on the brief), for appellee.

Before BRYAN and WINTER, Circuit Judges, and WIDENER, District Judge.

PER CURIAM:

A breach of promise to marry accompanied by a physical assault on June 25, 1966 in Arlington County, Virginia, was the gravamen of two suits in the Federal District Court for Eastern Virginia. The first was for damages for the nuptial breach and was filed on June 20, 1968; suit on the assault was begun on June 28, 1968. Both were dismissed as barred by the prevailing time limitations —concededly one year for the breach and two years for the assault. See Code of Va., 1950, § 8–24. Since the plaintiff and the defendant were the same, and identical issues were presented, the causes were heard together and the plaintiff's appeals from the dismissals have also been consolidated. We affirm.

The first question is whether the expired time limit for the breach of promise suit had been extended by claims for "special damages". Admittedly, in Virginia damages of this kind may in circumstances effect an extension. Grubb's Adm'r v. Sult, 32 Gratt. (73 Va.) 203 (1879); see Burton v. Mill, 78 Va. 468, 482 (1884). For the breach, the damages asserted were mental anguish and humiliation, impairment of health, and expenditures in anticipation of the wedding and the establishment of a home, as well as deprivation of other opportunities to marry. There was no proof adduced nor authority noted establishing that these items constitute "*special* damages" envisioned by the Virginia doctrine. See Grubb's Adm'r v. Sult, supra, 32 Gratt. (73 Va.) 203. Hence the trial court dismissed the case for lack of timeliness. The action for the assault not having been started within the requisite two-year limit was likewise dismissed for lateness.

The remaining question was whether the assault claim could, by virtue of F.R.Civ.P. 15(c), be revived by an amendment retroactive to the date of the commencement of the breach of promise action, which was within the two years immediately following the assault. The amendment was declined because, as the trial judge said, it could not relate back to the breach of promise action since it was an "entirely new claim".

The District Judge has adequately stated his reasons for rejecting the complaints as tardy and for not accepting the amendment. Griggs v. Farmer, 314 F. Supp. 1185 (E.D.Va.1969). We affirm on this statement.

Affirmed.