See also, D.C., 68 F.R.D. 564.

**Jimmie Lee MITCHELL**

v.

**Edward J. HENDRICKS.**

**Jimmie Lee MITCHELL**

v.

**Edward J. HENDRICKS, Sup., et al.**

**Civ. A. No. 72–2184.**

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1975.

Richard M. Bernstein, Indigent Prisoner Litigation Program, Philadelphia, Pa., for plaintiff.

Michael Minkin, Deputy Atty. Gen., Commonwealth of Pa., John L. Jenkins, James T. Lynn, III, Philadelphia, Pa., for defendant Tucker.

Francis R. Coyne, Philadelphia, Pa., for defendant Hamburg.

Benjamin Levy, Asst. City Sol., Philadelphia, Pa., for defendant Hendricks.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

Before the Court is another motion by plaintiff for leave to amend his Complaint by which he would add, under the doctrine of pendent jurisdiction, separate claims based on common law negligence to his already pending federally-based constitutional claims against each of the several individual defendants. The motion is opposed by the various defendants basically on the ground that the proposed amendment states a new cause of action which should properly be barred by the applicable statute of limitations.[1]  Plaintiff, anticipating this basis of objection, argues to the contrary that the amendment should be deemed to relate back to the date of his original Complaint, pursuant to Rule 15(c) of the Rules of Civil Procedure.  We have concluded that this Rule is properly invoked, and will grant plaintiff's motion. First, however, we think it appropriate to set forth briefly our reasons for assuming jurisdiction over the pendent state law-based claim.

■  We look to the enunciation of the doctrine of pendent jurisdiction in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).  Therein it was held that a court may exercise jurisdiction, in terms of judicial power, over pendent claims based upon state law whenever there is before it a substantial federal claim:

> ". . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'  The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . .  The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.  (footnotes omitted)

*Gibbs,* supra, 383 U.S. at 725, 86 S.Ct. at 1138.

But having the power to assume jurisdiction is but the first requirement.  We must also determine whether, in the discretion of the Court, we should exercise that power in the particular case.  *Gibbs,*

---

1.  The Pennsylvania two year statute pertaining to suits for personal injury, 12 Pa.Stat. Ann. § 34, is applicable to this case.  *Polite v. Diehl,* 507 F.2d 119 (3d Cir. 1974);  *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir. 1974).

supra; *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

It is clear in the instant case that we have the power to hear the pendent claim. Plaintiff's federal claim is based on § 1983 of the Civil Rights Acts, 42 U.S.C. § 1981 et seq.; and it is certainly sufficient to confer subject matter jurisdiction on this Court. Factually, the original complaint seeks damages for the alleged denial of medical care and treatment by various doctors and prison officials during periods of incarceration in State Penal institutions. The asserted common law claim arises out of the same operative facts; it is a case that should be tried in one forum in a single judicial proceeding. The fact that it may later appear, after discovery or even following the presentation of evidence at trial, that the state claim pre-dominates or that the federal claim must be dismissed, does not preclude our assuming jurisdiction.[2] Based on the record before us, which consists mainly of the pleadings, we have no doubt that the Court has the power to permit the unitary disposition of plaintiff's claims.

Moreover, we believe that we should exercise our discretionary power over plaintiff's pendent claim in this case. The fact finder will ultimately be called upon to evaluate the nature and/or degree of the defendants' conduct. As we have noted, the same factual circumstances form the basis of both of plaintiff's claims. On the one hand, the pendent claim is based on a simple negligence theory that would allege the failure to exercise due care under the circumstances, while on the other, plaintiff's federal claim looks to conduct that is intentional or so grossly improper as to amount to a deprivation of a constitutionally secured right or privilege. Cf. *Howell v. Cataldi,* 464 F.2d 272 (3d Cir. 1972); *Johnson v. Glick,* 481 F.2d 1028 (2d Cir. 1973). And while there is a difference between the two theories, *Gittlemacker v. Prasse,* 428 F.2d 1 (3d Cir. 1970), the legal standards to be applied are merely different points along the same spectrum, representing degrees of culpability. Where along that scale, if at all, the conduct of each defendant falls is peculiarly an issue that but one jury should consider.

In addition, we note that the pendent cause of action is not one that should necessitate any rulings by the Court on unsettled issues of state law. See, *Gibbs,* supra. This is, therefore a case in which we properly exercise our discretion in assuming pendent jurisdiction over plaintiff's state law claim.

It is admitted that the statute of limitations, as to this pendent claim has

---

**2.** Dismissal of the pendent claim is not mandatory in such a case. See, 3A Moore's Federal Practice § 18.07[1–4], and cases cited therein. It is important to emphasize, however, that we do not decide here that we would allow the pendent claim to be maintained if the federally-based cause of action ultimately fails, but rather only point out that such a situation does not affect the assumption of pendent jurisdiction at this stage of the proceedings. This is in accord with what the Court said in *Gibbs:*

The question of power will ordinarily be resolved on the pleadings. But the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation. Pretrial procedures or even the trial itself may reveal a substantial hegemony of state law claims, or likelihood of jury confusion, which could not have been anticipated at the pleading stage. Although it will of course be appropriate to take account in this circumstance of the already completed course of the litigation, dismissal of the state claim might even then be merited. For example, it may appear that the plaintiff was well aware of the nature of his proofs and the relative importance of his claims; recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed. *Gibbs,* supra, 383 U.S. at 727, 86 S.Ct. at 1139.

expired, but plaintiff argues that, through the operation of Rule 15(c), the amendment may be deemed to relate back. Defendants contend that the proposed amendment states a new cause of action, and that therefore, the rule is not applicable. We disagree. Rule 15(c) specifically provides for the relation back of amendments that arise out of the same "conduct, transaction or occurrence" as set forth in the original pleading. It is not limited by overly technical concepts of the "cause of action" first pleaded. As Professor Moore has stated:

> "The Federal Rules have broadened the meaning of the concept of 'cause of action', shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence will relate back."

3 Moore's Federal Practice § 15.15[3] at pp. 1027–1030 and cases cited therein.

Allowing such an amendment to relate back does not violate the applicable statute of limitations. So long as fair notice of the factual basis of the added claim can be said to have been given by the original pleading, the defendants are afforded all of the protection that statutes of limitations are meant to give. 3 Moore's Federal Practice § 15.15[2]. Plaintiff's complaint is detailed in its factual allegations, setting forth clearly the events and conduct on the part of the several defendants out of which the amended claims arise. It therefore satisfies the requirements of Rule 15(c). The cases that the defendants have cited[3] which have held to the contrary are readily distinguishable in that the asserted claims in the amended pleadings did not arise out of the same factual circumstances set forth in the original pleadings.[4]

Plaintiff's Motion will be granted.

---

3. E. g., *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir. 1973), cert. denied, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Griggs v. Farmer*, 314 F.Supp. 1185 (E.D.Va.1969), aff'd 430 F.2d 638 (4th Cir. 1970).

4. We also reject the invitation of the defendants to look to the interpretation of analogous state procedural rules by Pennsylvania courts as authority. The decision whether or not to allow the relation back of amendments is procedural and thus governed by Federal law and our own Rules of Civil Procedure. *Loudenslager v. Teeple*, 466 F. 2d 249 (3d Cir. 1972). See also, 3 Moore's Federal Practice § 15.15[2].