James R. GRATTAN and Adrienne S. Hedman, Appellants,

v.

Calvin W. BURNETT, Individually and in his official capacity as President, Coppin State College; J. Carson Dowell, Individually; Board of Trustees of the State Universities and Colleges of Maryland; Edmund C. Mester, Individually; Ronald K. DeSouza, Individually and in his official capacity as Vice-President of Student Affairs, Coppin State College and Harry Hughes, Governor of Maryland, Appellees.

No. 82–1924.

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1983.

Decided June 22, 1983.

Certiorari Granted Nov. 14, 1983. See 104 S.Ct. 421.

---

Sheldon H. Laskin, Ellicott City, Md., (Glen M. Fallin, Ellicott City, Md., on brief), for appellants.

Diana G. Motz, Robert A. Zarnoch, Baltimore, Md. (Christine Steiner, Michael A. Anselmi, Asst. Attys. Gen., Stephen H. Sachs, Atty. Gen., Baltimore, Md., of Maryland on brief), for appellees.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and ALDRICH,* Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge:

James Grattan and Adrienne Hedman appeal from an order of the district court dismissing their complaints of race and sex discrimination brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and Article 23 of the Maryland Declaration of Rights. The suit was brought against the president of Coppin State College, a public institution of higher education operated by the State of Maryland, the vice-president of student affairs and the chairman and executive director of the board of trustees governing Coppin and other state universities and colleges. The district court held plaintiffs' claims time-barred since they were not brought within the six-month limitations period prescribed by Md.Ann.Code, Article 49B, § 9(a). We reverse. We conclude that the appropriate limitations period for such claims is three years, as prescribed by Md.Ann.Code, Courts and Judicial Proceedings, § 5–101. We conclude further that the claims may be deemed to have been brought within this period, even though they were not explicitly made by amended complaint until five years after the alleged discrimination, since the amended complaint relates back to an earlier and timely complaint.

I.

In the summer of 1976, James R. Grattan and Adrienne S. Hedman were dismissed from their positions as Director of Minority Relations and Minority Relations Counselor, respectively, at Coppin State College. They allege that they were dismissed and discriminated against while at Coppin State College because of their race, and in retaliation for their vocal support of white students there. Plaintiffs allege that they are both white, and, while it is not specifically alleged, the parties concede that Coppin State College was a formerly all-black educational institution and is today still a predominantly black school. Hedman also alleges that she was discriminated against because of her sex.

Plaintiffs filed two claims of race and sex discrimination with the Equal Employment Opportunity Commission (EEOC) immediately upon learning of their pending termination in June 1976. While those claims were pending, they filed this suit in state court on February 17, 1977. They alleged that their dismissals were arbitrary, capricious, without basis in fact or law, illegal and invalid under the Maryland and Federal constitutions. However, their complaint contained no specific allegations of race or sex discrimination. Those claims, together with an allegation of violation of their right to free speech, were added on October 13, 1981, by the filing of an amended complaint. Defendants removed the state court action to the district court on November 12, 1981. At the time, there was pending in the district court two separate actions filed by Grattan and Hedman in 1981 against the same defendants claiming unlawful employment discrimination under Title VII.

On motion of the defendants, the district court dismissed the removed action. However, it denied a motion to dismiss the complaints grounded on Title VII as being outside the scope of plaintiffs' EEOC charges. These actions are still pending. The district court ruled that plaintiffs' race and sex

* Honorable Bailey Aldrich, Senior United States Circuit Judge for the First Circuit, sitting by designation.

discrimination claims brought under 42 U.S.C. §§ 1981, 1983 and 1985 were barred since they were not brought within the six-month period of limitations provided in Md.Ann.Code, Article 49B, § 9(a). Plaintiffs' § 1986 action (failure to redress wrongs proscribed by § 1985 by one who has knowledge and power to act) was also dismissed, even though it was brought within the one-year limitations period provided by that section, on the ground that it was derivative of the barred § 1985 action. The district court ruled further that plaintiffs' free speech claim was governed by a three-year limitations period, but held it barred as well since it was not raised until 1981 and did not relate back to the 1977 complaint. Finally, it dismissed their claim under the Maryland Constitution holding that it was doubtful that there was an implied cause of action for damages under Maryland law and, in the alternative, that the claim was barred under the six-month limitations period applicable to the analogous federal right.

Before us, neither party contests the propriety of the district court's disposition of the Title VII and free speech claims. The issues raised concern only the dismissal of plaintiffs' claims of race and sex discrimination brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and the Maryland Constitution.

## II.

Sections 1981, 1983 and 1985 of Title 42 specify no limitations period for actions brought thereunder. We therefore look to Maryland law to borrow the limitations period for the most analogous state action. Recently, we rejected the argument that the appropriate limitations period for employment discrimination actions in Maryland is the six-month period prescribed in Md.Ann.Code, Article 49B, § 9(a). That statute empowers the State Human Relations Commission to investigate and prosecute claims of employment discrimination, and requires that claims be filed within six months of the date of the occurrence. We held that the proper period in Maryland for actions under Title 42 is three years as

provided by Md.Ann.Code, Courts and Judicial Proceedings, § 5–101. That statute provides a general limitations period of three years for actions for which no other period is specifically provided. *McNutt v. Duke Precision Dental and Orthodontic Laboratories,* 698 F.2d 676 (4 Cir.1983).

Despite *McNutt,* defendants urge upon us an even shorter limitations period—five and one-half months—derived from a variety of provisions in Md.Ann.Code, Article 64A, § 33, regulations adopted thereunder, related statutes, and Rules of the Maryland Court of Appeals. Article 64A establishes a merit system and employment protection for certain state employees and, by a combination of provisions, gives a discharged employee a total of five and one-half months to sue in a state court to redress an improper discharge. Of course, the effect of Article 64A was not considered in *McNutt* since the plaintiff there was a non-public employee, but we think that the reasoning of *McNutt* is equally applicable to public employees.

In *McNutt* we rejected the six-month limitations period of Article 49B, § 9(a), because it governed the limitation of administrative proceedings which were informal, investigatory and conciliatory in nature. We reasoned that while such a short period might suffice to present an informal complaint which could then be fleshed out by the Commission, it was an inadequate time in which to prepare a formal complaint suitable for adversary proceedings in federal court, and that for this reason it was unlikely the Maryland legislature intended that this limitations period apply to civil actions. 698 F.2d at 678–679. We think it even less likely that the Maryland legislature intended that the limitations period defendants derive from Article 64A and related sources be applied to civil actions for discrimination. That period is even shorter than the period considered in *McNutt.* A proceeding under Article 64A is an administrative proceeding and the largest part of it—130 of the total of 165 days—is spent formally adjudicating a claim initiated by the state. That the Maryland

legislature thought this adequate time to resolve a termination dispute in which the state must frame the issues and bear the burden of proof hardly evidences an intent to impose a similar limit on the time in which an employee who is discharged may employ counsel who will investigate the termination and prepare a complaint. Indeed, under Maryland law a disgruntled employee, after proceedings under Article 64A are concluded, may turn to the State Human Relations Commission for relief from discrimination. Md.Ann.Code, Article 49B, § 7(b)(1). This, too, indicates that the Maryland legislature did not intend that the passing of a 165-day period should bar an employee from seeking administrative or judicial relief for discriminatory termination. Thus, we conclude that, in Maryland, three years is the limitations period for discrimination suits brought under the Civil Rights Acts by employees in public as well as private employment.

### III.

■ Next, we must determine whether the claims of race and sex discrimination first explicitly raised by Grattan and Hedman in their 1981 amended complaint relate back to the 1977 complaint, and so come within the three-year limitations period. Rule 15(c), F.R.Civ.P., states: "(w)henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In applying Rule 15(c) in the past, we have focused upon two issues in determining whether an amended claim relates back to an earlier complaint. First, to relate back there must be a factual nexus between the amendment and the original complaint. *See, e.g., Griggs v. Farmer,* 430 F.2d 638 (4 Cir.1970), *aff'g per curiam* 314 F.Supp. 1185 (E.D.Va.1969); *Wall v. Chesapeake & O. Ry.,* 339 F.2d 434 (4 Cir.1964). Second, if there is some factual nexus an amended claim is liberally con-

strued to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4 Cir.), *cert. dis.* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

■ There is a factual nexus between the discrimination claims which Grattan and Hedman added by amendment in 1981 and their complaint of arbitrary dismissal made in 1977. Both concern the events leading up to their termination at Coppin State College, and in both the termination was the ultimate wrong of which they complained.

It appears also that defendants had notice of the claims and will not be prejudiced by the amendment. Defendants are the top administrators of Coppin State College. When Grattan and Hedman complained of race and sex discrimination in complaints filed with the EEOC in June 1976, defendants were bound to have known of them. Forewarned, they should have realized that, as this suit progressed, a discrimination theory might evolve. Moreover, because of the EEOC proceedings, it is more likely than not that they have preserved any evidence relevant to those claims. Thus, they should not be prejudiced by the amendment. Plainly, the Title VII proceedings should have put defendants on notice of the possibility that Grattan and Hedman might bring claims under the Civil Rights Act. *Cf. Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5 Cir.1981); *Gridley v. Cunningham,* 550 F.2d 551 (8 Cir.1977); *Goss v. Revlon, Inc.,* 548 F.2d 405 (2 Cir.1976) *cert. den.* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977) (claims invoking Title VII and the Civil Rights Acts relate back to each other). For these reasons we conclude that the 1981 amendment did relate back and the claims asserted therein are not time-barred. The case must therefore be returned to the district court for further proceedings.**

REVERSED AND REMANDED.

** We refrain from expressing any view on the question of whether plaintiffs have a private

right of action under Article 23 of the Maryland Declaration of Rights. In the event that plain-

tiffs do not prevail on their federal rights of action and the district court concludes to exercise pendent jurisdiction, we think that the district court should certify this question to the Maryland Court of Appeals under Ann.Md. Code, Courts and Judicial Proceedings, § 12–601.