**12**

William A. TOLBARD

v.

BECHTEL CORP., et al.

Civ. No. Y-85-1055.

United States District Court,
D. Maryland.

April 17, 1986.

Sidney Blum, Baltimore, Md., for plaintiff.

William R. Levasseur, Baltimore, Md., for defendants.

MEMORANDUM

JOSEPH H. YOUNG, District Judge.

On August 12, 1980, the Maryland Workmen's Compensation Commission found William A. Tolbard permanently totally disabled. The Commission found that 50 percent of Tolbard's disability was due to an injury he suffered on November 18, 1974, while employed by the Bechtel Corporation on a job site in Maryland, and ordered Bechtel to pay Tolbard $102.30 weekly to compensate him for his disability. On March 8, 1985, Tolbard filed this action, claiming that Bechtel and its insurer had breached the terms of a collective bargaining agreement with Tolbard's union, Local No. 5 of the International Association of Bridge, Structural and Ornamental Iron Workers, Riggers and Machinery Movers, Washington, D.C. The agreement obligated Bechtel to maintain insurance that would pay members of the local injured outside the District of Columbia the same benefits provided by the generous District of Columbia Workmen's Compensation Act. Tolbard claimed that Bechtel owed him $261 per week, the amount he would have received under the D.C. Workmen's Compensation Act, instead of the $102.30 per week that Bechtel payed him pursuant to the Maryland award.

The Court heard the case without a jury on March 14, 1986, and makes the findings of fact and conclusions of law as noted herein in accordance with the provisions of Rule 52, Federal Rules of Civil Procedure whether or not so specifically identified. Defendant Industrial Indemnity Company began to pay Tolbard $102.30 per week soon after the Maryland Workmen's Compensation Commission's order. Plaintiff's theory at trial was that the Maryland Commission's finding of permanent total disability was the equivalent of a finding of permanent total disability under the D.C. Act.

According to plaintiff's theory, the Maryland Commission's order in August, 1980, entitled Tolbard to permanent disability benefits from the defendants at District of Columbia Workmen's Compensation rates.

The first payment under the lower Maryland award, then, was a breach of the collective bargaining agreement.

■ Under Maryland law, "In contract cases, the general rule is that the period of limitations begins to run from the date of the breach, for it is then that the cause of action accrues and becomes enforceable." *Himelfarb v. American Express Co.*, 301 Md. 698, 703, 484 A.2d 1013 (1984), *quoting Mayor of Federalsburg v. Allied Contractors, Inc.*, 275 Md. 151, 157, 338 A.2d 275, *cert. denied*, 423 U.S. 1017, 96 S.Ct. 452, 46 L.Ed.2d 389 (1975). Maryland has a 12-year statute of limitations period for contracts under seal. Md.Ann.Code, Courts and Judicial Proceedings § 5–102(a)(5). However, the contract at issue contained no indication that it fulfilled the stringent requirements for creating a contract under seal, *see, e.g., Mayor of Federalsburg, supra*, 275 Md. at 155–157, 338 A.2d 275, and it was conceded at trial that the contract was not under seal. Accordingly, Maryland's general three-year limitations period for civil actions applies. Md.Ann.Code, Courts and Judicial Proceedings, § 5–101. *Himelfarb, supra*, 301 Md. at 703, 484 A.2d 1013.

■ Plaintiff filed this action four and one-half years after the defendant first breached the collective bargaining agreement.* Defendants raised the defense of limitations in their answer, although they have been remarkably reluctant to raise the issue in memoranda filed with the Court. Accordingly, this suit was filed untimely and judgment will be entered for the defendants.

---

* Having resolved this case on the limitations issue, this Court need not determine whether or not a finding of industrial loss under the Maryland statute is comparable to a determination of loss of wage-earning capacity under the Federal Act. Although this "apples-oranges" comparison has been reviewed by several courts, some legal questions remain unanswered.