Ms. Nancy C. **FLUKER**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

**KENNEY'S FRANCHISE CORP.**, and William Kenney, Sr., Defendants.

Civ. A. No. 77-0034(R).

United States District Court, W.D. Virginia, Roanoke Division.

May 4, 1988.

---

Fitzpatrick & Associates, Robert B. Fitzpatrick, Washington, D.C., Eric R. Spencer, Roanoke, Va., Victor B. Gersh, Fairfax, Va., for plaintiff.

Donald W. Huffman, Roanoke, Va., Trustee.

Raymond R. Robrecht, Salem, Va., for Kenney's.

George A. McLean, Jr., Roanoke, Va., for William Kenney.

## MEMORANDUM OPINION

TURK, Chief Judge.

The plaintiff, Nancy Fluker, has brought this Title VII action against her former employer, Kenney's Franchise Corporation (KFC), and its dominant shareholder, William Kenney, Sr. Due to the familiarity of all the parties with this case, the facts require only a brief recitation.

Plaintiff worked for KFC from 1963 to 1975. In 1975, plaintiff, having risen to the position of manager of one of KFC's restaurants, was forced to take maternity leave under a KFC policy which mandated that female employees go on maternity leave once they had become six months pregnant. The policy required that the female employee take leave for 24 weeks, and that KFC was under no obligation to reinstate the employee.

Plaintiff filed a charge against KFC with the Equal Employment Opportunity Commission and attempted to reach a conciliation agreement. When those efforts failed, plaintiff filed this suit against the corporation. After KFC filed a voluntary petition in bankruptcy, plaintiff amended her claim to include William Kenney, Sr. The basis of the claim against Kenney was that the corporate structure of KFC was merely a sham and that therefore the court should pierce the corporate veil to find Kenney personally liable. On May 26, 1983, this court granted summary judgment for the plaintiff against the corporation but granted summary judgment for Kenney personally because plaintiff had not shown sufficient evidence for the court to pierce the corporate veil. After the court then granted plaintiff's motion for reconsideration, plaintiff set forth an additional theory of liability against Kenney, alleging that Kenney acted as an agent of the corporation under Title VII. This court affirmed its previous findings.

The plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed and remanded the case because it found that the record had not been sufficiently developed to determine whether the court should have pierced the corporate veil. The Court of Appeals also instructed this court to determine whether Fluker's allegation of agency has been sufficiently set before the court to merit an evidentiary finding.

On remand, the parties agreed with the court to litigate the agency issue first and to stay proceedings on the theory of piercing the corporate veil. Plaintiff has now filed a motion for summary judgment on the agency theory and defendant Kenney has filed a motion to dismiss. Kenney's motion is based on three grounds; first, that Kenney is not a proper party defendant because he was not named in the original EEOC complaint; second, that the amendment to the complaint alleging the agency theory does not relate back to the original date of filing and thus is time barred by the 90 day statute of limitations; third, that the agency theory should be barred by laches.

This court is persuaded by the second ground of defendant's motion and accordingly, on the basis of the reasoning set forth in this Memorandum Opinion, defendant's motion to dismiss is granted as to plaintiff's statutory theory of agency liability.

Amendments to pleadings in federal court are governed generally by Federal

Rule of Civil Procedure 15. Within the parameters of that rule, a decision on a motion to amend pleadings falls within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir. 1984). In order for an amended pleading to relate back to the date of the original pleading, the court must find that the amended pleading meets the prerequisites of Rule 15(c). That rule, in pertinent part, states:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c) (1987).

The first requirement for relation back of plaintiff's amended complaint is that the amended claim arose out of the same conduct, transaction, or occurrence as the original claim. As the Fourth Circuit stated, "to relate back there must be a factual nexus between the amendment and the original complaint." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983) *aff'd on other grounds*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). This element is clearly met in this case. Plaintiff's amended claim charging Kenney with Title VII liability as an agent of the corporation arises directly from the same factual setting which formed the basis of plaintiff's initial Title VII case against KFC.

The second prerequisite for the relation back of an amended claim is that the party charged under the added theory of liability had notice of the original action. As one court explained, "[t]imely notice, whether formal or informal, is one way of assuring that the party to be added has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense." *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir. 1984). Again, in this case, no question exists that Kenney had notice of the original action against KFC. He was the dominant shareholder of the corporation at the time the suit was filed, he participated in the EEOC conciliation proceedings, and in 1981, four years after the initial filing, he was added as a defendant under a piercing the corporate veil theory. Whether formal or informal, Kenney has had notice of this proceeding from its inception.

The fact that a party had notice of the initial action, however, does not necessarily translate into a finding that there is no prejudice to that party. It is true that in some cases notice is sufficient to assure that the non-moving party was not prejudiced. *See, e.g., Grattan*, 710 F.2d at 163 ("defendants had notice of the claims and will not be prejudiced by the amendment."). Prejudice, however, can also arise when, after an extended period of time has elapsed since the filing of the initial action, the amendment seeks to add a theory of liability which the non-moving party had not anticipated. For example, in *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796 (9th Cir.1981), plaintiff filed a discrimination charge with the EEOC and the corresponding state agency, and then filed suit in federal district court. Subsequently, the plaintiff was terminated from her job. Two years following her termination, while defendant's motion for summary judgment was before the court, she moved to amend her complaint to add a retaliatory discharge claim. The district court denied her motion and the circuit court affirmed.

Here the district court made a specific finding of prejudice to the opposing party, noting that the retaliatory discharge

issue was raised at the eleventh hour, after discovery was virtually complete and the Board's motion for summary judgment was pending before the court. Based on the record before us, we cannot say it was an abuse of the judge's discretion for it to refuse to permit Roberts to add the retaliatory discharge claim."

*Id.* at 798. *See also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971) (Supreme Court declined to allow defendant to amend answer to allege new defenses four years after original answer had been filed, where such amendment would result in substantial prejudice to the plaintiffs); *Consolidated Data Terminals v. Applied Digital Data Systems,* 708 F.2d 385, 396 (9th Cir.1983) (circuit court reversing district court decision to allow plaintiff's motion to amend complaint adding claim of fraud on third day of trial).

This court finds that allowing relation back of plaintiff's claim against Kenney personally under a Title VII agency theory would result in substantial prejudice to Kenney. At the initiation of this suit, KFC was a thriving corporation and plaintiff probably could not have anticipated that KFC would enter into bankruptcy. Nevertheless, plaintiff's knowledge of the facts surrounding the creation of the discriminatory maternity policy and its effect on Mrs. Fluker were exactly the same at the inception of the suit as now. At that time, plaintiff could have alleged that Kenney was acting as an agent of KFC and was therefore personally liable under Title VII. Plaintiff, for whatever reasons, chose not to do so. As a result, for the first six years of this case, Kenney had no reason to suspect that he would be faced with liability as a Title VII agent. This is not a case where Kenney "knew or should have known that, but for a mistake concerning [him as a proper party], the action would have been brought against [him]." Fed.R. Civ.P. 15(c). Plaintiff elected her theory of recovery at the outset of the case and Kenney had every right to rely on that election.

This case is similar to one which the Fifth Circuit Court of Appeals considered.

In *Lamar v. American Finance System,* counsel for plaintiff attempted to raise a new theory of recovery after motions for summary judgment had been filed. In affirming the district court's denial of plaintiff's motion to amend, the Fifth Circuit held:

> While a trial court may use other remedial measures, we do not consider that it was an abuse of discretion under the circumstances of this case for the trial court to deny counsel the right, *after submitting the case on one set of hypothesis and learning that this was not enough, to attempt to inject new issues in the hope of achieving a different result.*

577 F.2d 953, 955 (5th Cir.1978) (emphasis added); *see also First Nat'l Bank of Louisville v. Master Auto Service Corp.,* 693 F.2d 308, 314 (4th Cir.1982) ("the [plaintiff seeking to amend] had not obtained any information that it previously had not known of or had access to."); *Barrett v. Independent Order of Foresters,* 625 F.2d 73, 75 (5th Cir.1980) ("there would appear to be no matters that appellant proposed to add which could not have been raised initially.").

Although it is true that this court allowed plaintiff to amend her complaint to include the Title VII agency theory, such a decision by the court does not automatically mandate the relation back of the amended pleading. *See, e.g., Fuller v. Marx,* 724 F.2d 717, 720 (8th Cir.1984). When, as here, the relation back of the pleading would result in prejudice to the non-moving party, the court may, within its discretion, decline to allow the pleading to relate back. *Id.* This court believes that fairness and justice require that the plaintiff's new theory of recovery against Kenney not relate back to the original date of filing.

If plaintiff's Title VII agency theory does not relate back, then plaintiff may only proceed on that theory if it was raised within the applicable statute of limitations. Title VII requires that any civil action under Title VII must be filed within 90 days after the issuance of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1)

(1982). The Supreme Court has strictly applied this timing requirement. *Baldwin Cty. Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Therefore, plaintiff's Title VII agency theory of recovery, because it was not filed in the 90 day period, is barred by the statute of limitations.

This court is not unsympathetic to the situation of the plaintiff whose defendant has entered into bankruptcy. Nevertheless, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Brown,* 466 U.S. at 152, 104 S.Ct. at 1726. Plaintiff could have brought the agency claim against Kenney within the 90 day statute of limitations, but instead chose another path of litigation. Kenney should not be forced to defend himself eleven years later merely because plaintiff has decided to plot a different course of recovery. Accordingly, defendant Kenney's motion to dismiss is granted as to plaintiff's Title VII agency theory for failure to comply with the Title VII statute of limitations.

Plaintiff's claim against Kenney on the theory that the corporate form was a sham and that the corporate veil should be pierced remains intact. The court will hold an evidentiary proceeding on that issue on a date convenient to the parties.