867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen Blair SMITH, Plaintiff-Appellant,
v.
Det. William CULVER; Det. Jeffrey Merritt; Det. Richard
Hagel; Det. Eugene Powell; Depty. Robert Doughty; Depty.
Kenneth Pusey; Depty. Ralph Schockley; Depty. Wade
Chambers; Robert Fine, Attorney, Defendants-Appellees.
 No. 88-6790.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 8, 1988.
Decided: Jan. 13, 1989.
Rehearing and Rehearing In Banc Denied March 23, 1989.
 
 Allen Blair Smith, appellant pro se.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allen Blair Smith, a Maryland inmate, appeals from the district court's dismissal sua sponte of his 42 U.S.C. Sec. 1983 action as time-barred. We affirm as modified.
 
 
 2
 Smith alleges that on July 12, 1985, police officers broke down the door to his home while a party was in progress. He claims that the officers conspired to search his home without a warrant, did not have his consent to enter his home, failed to show him a warrant, took $290 of his money, hit him in the head with an object appearing to be a submachine gun, forced him to his knees, and injured his hand. Further, Smith claims that the officers engaged in a conspiracy to backdate records used at his trial and to commit perjury to convict him and deny him his constitutional rights. Apparently, Smith was charged on September 5, 1985, with, among other things, the sale of untaxed alcohol and being a felon in possession of a handgun. Smith mailed his Sec. 1983 complaint to the district court on July 15, 1988.
 
 
 3
 Maryland's three-year statute of limitations for personal injury applies to this Sec. 1983 action. Md.Cts. & Jud.Proc.Code Ann. Sec. 5-101. Wilson v. Garcia, 471 U.S. 261 (1985); Grattan v. Burnett, 710 F.2d 160 (4th Cir.1983), aff'd, 468 U.S. 42 (1984). As the alleged constitutional violations during the search of Smith's house occurred more than three years prior to Smith's institution of this action, we affirm the district court's dismissal of these claims as time-barred. However, Smith's claims concerning a conspiracy to backdate records and commit perjury at his trial allege wrongs continuing into the limitations period. Cf. United States v. Kissel, 218 U.S. 601 (1910) (conspiracies are continuing crimes which end when abandoned or completed); United States v. A-A-A-Elec. Co., 788 F.2d 242, 245 (4th Cir.1986). Nevertheless, Smith's allegations in this regard are so conclusory that we are unable to say on this record that he has stated a claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.1984). We accordingly affirm the district court's dismissal of these conspiracy claims, but modify the order to reflect their dismissal without prejudice. 28 U.S.C. Sec. 2106.
 
 
 4
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 5
 AFFIRMED AS MODIFIED.