966 F.2d 1442
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FLORIDA STEEL CORPORATION; Syosset Steel Corporation;
Birmingham Steel Corporation; Donald W. Huffman,
Trustee, Plaintiffs-Appellees,
v.
NEW JERSEY STEEL CORPORATION, Defendant-Appellant,
and
VALLEY STEEL CORPORATION; Dominion Bank, National
Association, Defendants.
 No. 90-2437.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 7, 1991
Decided: June 4, 1992
 
 Appeal from the United States District Court for the Western District of Virginia at Roanoke. Jackson L. Kiser, District Judge. (CA-89-961-R)
 Argued: Susan Lynn Rhiel, Thompson, Hine & Flory, Columbus, Ohio, for Appellant.
 Jeffrey A. Fleischhauer, Greenberg & Associates, Roanoke, Virginia, for Appellees.
 On Brief: Thomas R. Allen, Thompson, Hine & Flory, Columbus, Ohio; Thomas B. Dickenson, Jolly, Place, Fralin & Prillaman, P.C., Roanoke, Virginia, for Appellants.
 Donald W. Huffman, Bird, Kinder & Huffman, P.C., Roanoke, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's order reversing the order of the bankruptcy court and allowing the relation back of an amendment to an involuntary bankruptcy petition. We affirm.
 
 
 2
 On September 9, 1988, Appellees Florida Steel Corporation, Syosset Steel Corporation, and Birmingham Steel Corporation filed an involuntary Chapter VII bankruptcy petition against Valley Steel Corporation. The petition failed to include an allegation that Valley Steel was not paying its debts as they became due or that within 120 days preceding the filing of the petition, a custodian was appointed for or had taken possession of its property. Valley Steel filed a motion to dismiss the involuntary petition on September 23, 1988, alleging that the petition failed to state a claim for relief because of this omission. On November 17, 1988, Valley Steel filed a voluntary bankruptcy petition under Chapter XI of the Bankruptcy Code. Appellees filed an amended involuntary petition on November 29, 1988, including the allegation that Valley Steel was not paying its debts when due. The bankruptcy court granted leave to amend the involuntary petition on November 30, 1988.
 
 
 3
 The bankruptcy court later dismissed Appellees' involuntary petition and amended petition on Valley Steel's motion. The bankruptcy court denied motions to dismiss Valley Steel's voluntary bankruptcy petition filed by Appellees and the United States Trustee. The bankruptcy court also denied Appellees' motions to reconsider these orders. On August 21, 1989, the bankruptcy court granted Valley Steel's motion to convert its voluntary Chapter XI case to a Chapter VII case. Appellees and the Trustee appealed to the district court the bankruptcy court's orders dismissing the involuntary petition and denying the motion to dismiss the voluntary petition. The district court reversed the bankruptcy court's order dismissing the involuntary petition.
 
 
 4
 The Appellant in this action is New Jersey Steel Corporation, a creditor of Valley Steel. The commencement date of this case determines the period during which money transferred out of Valley Steel may be recovered by the Trustee. Appellees assert that Valley Steel made several large payments to New Jersey Steel which may be recoverable by the Trustee as preferential transfers if the involuntary petition, rather than the voluntary petition, commenced the bankruptcy case. New Jersey Steel does not contend that the district court erred in allowing the amendment to the involuntary petition. However, it does contend that the district court erred in finding that the amendment related back to the original filing pursuant to Fed.R. Civ.P. 15(c), and Bankruptcy Rule 7015.
 
 
 5
 Bankruptcy Rules 7015 and 1018 authorize the application of Fed. R. Civ. P. 15 in this proceeding. Rule 15(c) allows an amendment to relate back if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." To relate back under this rule, there must be a factual nexus between the amendment and the original pleading, and the opposing party must have had notice of the claim and must not be prejudiced by the amendment. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983), aff'd, 468 U.S. 42 (1984). The "linchpin" of this provision is notice. See Schiavone v. Fortune, 477 U.S. 21, 31 (1986); Williams v. United States, 405 F.2d 234, 236 (5th Cir. 1968); 6 Charles A. Wright et al., Federal Practice and Procedure § 1472 (1990). We review the district court's decision under the abuse of discretion standard. Federal Practice and Procedure § 1472, at 509-10.
 
 
 6
 The original involuntary petition gave Valley Steel notice that Appellees were attempting to file against it an involuntary petition in bankruptcy. The petition recited that Valley Steel was Appellees' debtor and listed the amounts of debt owed to each. It also alleged that an order of relief could be entered against Valley Steel under the Bankruptcy Code. The petition asked that a trustee be immediately appointed for Valley Steel.
 
 
 7
 Valley Steel contends that the original petition set forth no conduct, transaction, or occurrence as required by Rule 15(c). We disagree. We find that the original petition attempted to state that Valley Steel was not paying its debts when due. Rule 15(c) allows relation back in such a circumstance. The allegation that Valley Steel was not paying its debts when due does not add substantially to any specific notice for Valley Steel, and we find no prejudice in allowing the relation back. Both the original petition and the amended petition refer to certain debts owed by Valley Steel to Appellees and state that, based on these debts, an involuntary petition in bankruptcy is being filed. This constitutes a factual nexus between the two pleadings. We therefore conclude that relation back to the date of the original amendment is proper. See Grattan v. Burnett, 710 F.2d at 163.
 
 
 8
 Accordingly, we find no abuse of discretion and affirm the district court's order.
 
 AFFIRMED