**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALTER G. FINCH, Esquire,
<u>Plaintiff-Appellant,</u>

v.

BOARD OF TRUSTEES, JOHNS HOPKINS

No. 96-2016

UNIVERSITY; JOHNS HOPKINS
UNIVERSITY, a Maryland
Corporation,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-2751-L)

Submitted: December 19, 1996

Decided: January 3, 1997

Before ERVIN and MOTZ,* Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter G. Finch, THE LAW OFFICES OF WALTER G. FINCH,
_____

*Judge Motz did not participate in consideration of this case. The
opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

ESQUIRE, Baltimore, Maryland, for Appellant. Estelle A. Fishbein, Frederick G. Savage, Eileen S. Goldgeier, THE JOHNS HOPKINS UNIVERSITY, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Walter Finch appeals the district court's order granting summary judgment in favor of Johns Hopkins University and the Board of Trustees [hereinafter Johns Hopkins or Hopkins] in this action for an alleged violation of Finch's civil rights and pendent state law claims. We affirm the order of the district court.

Walter Finch attended Johns Hopkins University School of Engineering as a graduate student in 1940. Finch submitted a draft of his dissertation to Professor A.G. Christie, his doctoral advisor. In 1946, Christie and other academic reviewers unanimously rejected the thesis as unsuitable for a doctorate degree. Finch then sought the opinions of other experts in the field who determined that his thesis presented new information and made a valuable contribution to its field, thereby rising to doctoral status.

After Finch revised his paper, Christie submitted it to a new member of the Johns Hopkins Mechanical Engineering staff who was an authority on the plastic flow of metals. Again, it was determined that Finch's dissertation did not meet the standards for a doctorate degree. With the advice of Christie, Finch accepted a Master's Degree of Engineering from Hopkins in 1950.

In 1993 Finch requested and received a copy of his student file. In his file, Finch found a letter dated May 13, 1950, from Christie to the School of Engineering stating that Finch's paper met the requirements

2

for a master's degree. In the letter, Christie described Finch's research topic as a "new and unexplained phenomena." Finch filed a 42 U.S.C. § 1983 (1994)* action against Johns Hopkins University and its Board of Trustees, alleging violations of his First and Fourteenth Amendment rights and breach of contract.

Hopkins filed a motion for summary judgment, which Finch opposed. The district court granted summary judgment for Hopkins, finding that Finch's claims were barred by the statute of limitations, or in the alternative, failed to state a claim upon which relief could be granted. Finch appealed.

A three year limitation period applies to Finch's§ 1983 and breach of contract claims. Md. Code Ann. Cts. & Jud. Proc.§ 5-101 (1995); see Grattan v. Burnett, 710 F.2d 160, 162 (4th Cir. 1983), aff'd, 468 U.S. 42 (1984). For a § 1983 action, the time of accrual is when the plaintiff knows or has reason to know of his injury. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). In a breach of contract action, the limitations period generally accrues from the date of the alleged breach. Tolbard v. Bechtel Corp., 632 F. Supp. 12, 13 (D. Md. 1986).

A review of the record reveals that in 1950 Finch knew of all the relevant facts necessary to file the instant action for violations of his First and Fourteenth Amendment rights and breach of contract. In 1946 Hopkins rejected his thesis as unsuitable for doctorate degree. Believing that his dissertation was worthy of a doctoral degree, Finch sought and obtained the opinion of independent experts that his research represented a new contribution to his field. In 1948, despite the alleged merits of his work, Hopkins again rejected his dissertation as not meeting doctoral standards. Finch accepted a master's degree rather than a doctorate degree for his work in 1950. At this point, a reasonable plaintiff would have believed himself harmed and would have been aware of a breach.

Finch attempts to circumvent the accrual of limitations in 1950 by couching his claims in terms of fraud. Finch contends that Christie perpetrated a fraud upon him by wrongfully representing to him that

_____

*Finch filed his claims pursuant 28 U.S.C. § 1331 (1994) which the district court treated as arising under 42 U.S.C.§ 1983 (1994).

3

his work did not merit a doctorate degree. Thus, he contends that his claims did not accrue until October 1993, when he discovered the fraud by reading Christie's letter in his student file. Where fraud prevents a party from discovering the injury, the cause of action accrues when the party discovered, or by exercising due diligence should have discovered the fraud. O'Hara v. Kovens, 503 A.2d 1313, 1317 (Md. 1986); see Cox, 529 F.2d at 50. Finch's assertion, however, is unavailing. There is no evidence that Hopkins prevented Finch from examining his student record in 1950. A reasonable plaintiff would have examined his student file and discovered the letter at the time of injury. Thus, even if Christie's letter evidences a fraud, the letter should have been discovered in 1950, so the fraud exception does not apply. We therefore affirm the district court's order granting summary judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4