**Robert L. HOLMES, Plaintiff-Appellant,**

v.

**GREYHOUND LINES, INC. and Amalgamated Transit Union, AFL–CIO Local Union No. 1313, Defendants-Appellees.**

No. 84–2334
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 1985.

---

Law Firm of Bill Howell, Bill Howell, Houston, Tex., for plaintiff-appellant.

Fulbright & Jaworski, A.J. Harper II, Susan J. Piller, Carolyn Barefield Luedke, Houston, Tex., for Greyhound Lines, Inc.

Gromfine, Sternstein, Rosen & Taylor, Douglas Taylor, Washington, D.C., Hal K. Gillespie, Dallas, Tex., Bray & Watson, Patrick M. Flynn, Houston, Tex., for Amalgamated, Etc. and AFL–CIO, Local Union No. 1313.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Robert Holmes was an employee of defendant-appellee Greyhound Lines, Inc. from 1974 to 1981. During that time he was also a member of defendant-appellee Local 1313, Amalgamated Transit Union. Greyhound discharged Holmes on December 29, 1981, for driving a bus while having ingested alcohol within eight hours. The Union carried his grievance through the contract procedures ending in arbitration. The arbitration decision on February 4, 1983, upheld the discharge. On June 9, 1983, Holmes filed an action in state court against Greyhound alleging that the arbitration award should be set aside "because the arbitrators exceeded their powers, refused to hear evidence pertinent and mate-

rial to the controversy, rendered an award which is arbitrary and capricious and deprived plaintiff of substantial rights by fraud or undue means." Greyhound removed the action to federal court on June 29, 1983.

On December 9, 1983, Holmes filed an amended complaint in which, for the first time, he joined the Union as a defendant. The amended complaint did not allege any defect in the arbitration award or wrongdoing by the arbitrators, but alleged that Greyhound had wrongfully discharged him and that the Union had breached its duty of fair representation in the grievance procedures and arbitration. Specifically, Holmes alleged that the Union failed to provide to its members or obtain from Greyhound specific guidelines for escorted charter services, "sat idly by as [Holmes] was interrogated in a hostile environment," requested the blood test that Holmes was given, failed to take charge of and supervise Holmes in the blood test procedure, and suppressed the exculpatory results of a polygraph examination of Holmes at the arbitration hearing.

Greyhound and the Union moved to dismiss on grounds that this action for wrongful discharge and breach of the duty of fair representation was barred by the six-month limitations period applicable to such cases. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The district court granted the motion to dismiss. It held that *DelCostello* was applicable and that because the amended complaint was filed more than six months after the arbitration decision and after notice of the decision was received by Holmes on or about March 15, 1983, the action was time-barred. The district court held further that the amended complaint did not relate back to the filing of the original complaint pursuant to Fed.R.Civ.P. 15(c) because the breach of the duty of fair representation and wrongful discharge claims did not arise out of the original complaint which was based solely on a charge of misconduct of the arbitrators. The court held that even if the claims were held to relate back as to Greyhound,

the suit still would have to be dismissed because the amended complaint could not possibly relate back as to the Union, and in a 29 U.S.C. § 301 action such as this in which the claim is default in the duty of fair representation by the Union, dismissal of the Union was fatal to the action against the employer, Greyhound. Holmes filed timely notice of appeal.

### I.

■ Holmes contends that this case should be governed by *Edwards v. Sea-Land Service, Inc.*, 678 F.2d 1276 (5th Cir. 1982), *vacated and remanded*, 462 U.S. 1127, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983), which held that the Texas two-year and four-year statutes of limitations were applicable to the Union and the employer in a hybrid § 301 action involving duty of fair representation. He acknowledges that this Court held (after remand) in *Edwards v. Sea-Land Service, Inc.*, 720 F.2d 857 (5th Cir.1983), that the *DelCostello* holding is retroactive, but he argues that he had a right to rely on the first *Edwards* decision.

As the district court observed, retroactivity of *DelCostello* is not at issue in this case because *DelCostello* was decided June 8, 1983, one day before Holmes filed his complaint in state court. Moreover, he did not even file his amended complaint within six months *after DelCostello* was decided. Finally, this Court recently held that "*Edwards* [II] established that *DelCostello* is to be applied retroactively to all cases in our circuit." *Gray v. Amalgamated Meat Cutters Local 540*, 736 F.2d 1055 (5th Cir. 1984). Appellant's complaint against the Union was not timely filed.

### II.

■ Holmes contends that the district court erred in dismissing his action against Greyhound, based on its holding that his amended complaint did not relate back to his original complaint so as to avoid the limitations bar. He does not contend that the amendment should relate back as against the Union. Under his amended

complaint, however, he must prove his claim against the Union to negate the arbitration award. And only if he negates the arbitration award can he claim successfully against the company.

Concerning "relation back," Fed.R.Civ.P. 15(c) provides in part that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In contrast, when new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed. *See Worthams v. Atlantic Life Ins. Co.*, 533 F.2d 994, 995 (6th Cir.1976); *Griggs v. Farmer*, 430 F.2d 638, 639 (4th Cir.1970).

■ In determining if an amended complaint relates back, this Court regards as "critical" whether the opposing party was put on notice regarding the claim raised therein. *Woods Exploration & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1299 (5th Cir.1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972) (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968)). Holmes urges that he should prevail because this Court applies Rule 15(c) liberally rather than restrictively, *Woods* at 1299. But liberal application cannot cure a failure of the amended complaint to meet the requirement of the rule. The rule provides that the new claim must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The claim against the Union alleged in Holmes' amended complaint is based on entirely different facts, transactions, and occurrences.

■ The original complaint alleged that the arbitration award should be set aside because of the arbitrators' improper conduct. This claim was abandoned completely in the amended complaint. The amended complaint focused entirely upon allegations that the Union breached its duty of fair representation in several respects. Moreover, these events allegedly occurred prior to the date of the arbitration award, and most of them allegedly occurred around the date Holmes was discharged. *See Barnes v. Callaghan & Co.*, 559 F.2d 1102, 1105 (7th Cir.1977); *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir.), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Griggs v. Farmer*, *supra*.

To recover under the original complaint, Holmes would have had to prove bias, fraud, or prejudice of the arbitrators. *Int'l Union of Electrical, Radio and Machine Workers v. Ingram Mfg. Co.*, 715 F.2d 886, 890 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984). In contrast, under the theory advanced in the amended complaint, Holmes would have to prove that the Union engaged in arbitrary or capricious conduct, or acted or failed to act in bad faith. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976). That is, Holmes would have to prove that the Union breached its duty of fair representation and by this means removed the arbitration award as a bar. *See Int'l Union v. Ingram*, 715 F.2d at 888 (noting the difference between a suit to set aside an arbitration award and a hybrid § 301 duty of fair representation action). The district court did not abuse its discretion in holding that the amended complaint failed to relate back to the date of the filing of the original complaint.

### III.

■ As an additional ground for affirmance, Greyhound contends that the district court correctly concluded that dismissal of Holmes' claim against the Union was fatal to his claim against Greyhound. As discussed earlier, the six-month limitations period applies, and Holmes does not now contest the district court's holding that the amended complaint does not relate back as far as his claims against the Union are concerned.

In *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981) (overruled as to the length-of-limitations period by *DelCostello* ), the Supreme Court stated:

> [R]espondent's characterization of his action against the employer as one for "breach of contract" ignores the significance of the fact that it was brought in the District Court pursuant to § 301(a) of the LMRA and that the indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective-bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation.

This statement in *United Parcel Service* is still the law. Accordingly, Holmes would be required to show that the Union breached its duty before the merits of his claim against Greyhound could be reached. Because his claims against the Union are indisputably time-barred, the district court would not be authorized to reach the merits of Holmes' claims against Greyhound.

The decision of the district court is in all respects

AFFIRMED.