898 F.2d 477
 16 Fed.R.Serv.3d 331
 FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate
Capacity, Plaintiff-Appellee, Cross-Appellant,
v.
Herman A. BENNETT, Individually and as alter ego of Herman
Bennett Realty, Inc., et al., Defendants,
Dana Smith, Defendant-Appellant, Cross-Appellee.
 Nos. 89-1380, 89-1722
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 April 18, 1990.
 
 David L. Hooper, Stephen H. Suttle, Abilene, Tex., for plaintiff-appellee, cross-appellant.
 David R. Taggart, Jay A. Greenleaf, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for defendant-appellant, cross-appellee.
 Appeals from the United States District Court for the Northern District of Texas.
 Before WILLIAMS, SMITH and DUHE, Circuit Judges.
 JERRE S. WILLIAMS, Circuit Judge:
 
 
 1
 Presented to this Court are two separate appeals. No. 89-1722 is the appeal by defendant, Dana Smith, from a summary judgment granted in favor of the Federal Deposit Insurance Corporation (FDIC) based upon the district court's decision that the FDIC could amend its claim against defendant Smith without running afoul of the statute of limitations and, therefore, could redeem under 28 U.S.C. Sec. 2410(c) property obtained by Smith in a foreclosure proceeding. No. 89-1380 was originally an appeal by Smith in the same case but which he had allowed to lapse because of a technical failure of the district court's judgment. Still viable, if the amended complaint is not timely, is the cross-appeal bearing this number by the FDIC claiming remedies against Smith to set aside the foreclosure as fraudulent and a denial of due process.
 
 
 2
 The district court upheld the right of the FDIC to redeem, relating back the amended complaint. It, therefore, gave no consideration to the FDIC's cross-appeal. We affirm.
 
 
 3
 In June 1986, the FDIC acquired a lien in the form of a Deed of Trust dated September 14, 1982, on a parcel of real estate referred to as "Tract II" in the briefs.[1] Dana Smith held a superior lien on Tract II, dated June 18, 1981, which he had acquired in November 1986 from the original lienholders (two insurance companies).
 
 
 4
 On February 3, 1987, Smith foreclosed on the property and then bought it as highest bidder at the foreclosure sale. The foreclosure, normally, would cut off all junior rights in the property, including the inferior lien held by the FDIC.
 
 
 5
 On February 2, 1988, however, the FDIC filed suit against appellant Smith (and others involved with the property), claiming ownership rights in Tract II. In this original complaint, the FDIC alleged that appellant Smith and the other parties had illegally foreclosed on Tract II. The FDIC claimed relief under various legal theories such as under the Texas Fraudulent Transfer Act, common law fraud, and a failure to comply with state law governing the process of foreclosure. In its complaint, it sought rescission as a remedy and tendered the amount necessary to effect a rescission.
 
 
 6
 Five months later, on June 1, 1988, the FDIC filed a Motion for Leave of Court to file its "First Amended and Restated Complaint". The district court granted the motion on June 6, 1988. None of the defendants, including appellant Smith, opposed the motion. In its amended complaint, the FDIC claimed for the first time a right to redeem the property from appellant Smith pursuant to 28 U.S.C. Sec. 2410(c), which provides in relevant part that "where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale in which to redeem the property." In conformance with 28 U.S.C. Sec. 2410(d), in its amended complaint the FDIC also constructively tendered to Smith the amounts required to redeem. The FDIC did not allege any new operative facts in the amended complaint, but only the new legal theory for recovery against Smith.
 
 
 7
 Four months later, in October 1988, the FDIC filed a Motion for Partial Summary Judgment, seeking, inter alia, summary judgment against appellant Smith based upon its claim of a right to redeem Tract II from Smith pursuant to 28 U.S.C. Sec. 2410(c). Once again, appellant Smith did not oppose this motion. On December 13, the district court granted the motion for partial summary judgment against Smith.
 
 
 8
 Smith filed a motion requesting entry of final judgment. The district court entered an order March 30, 1989, in which it certified pursuant to Fed.R.Civ.P. 54(b) that there was no just reason for delay in entry of final judgment, and ordered that final judgment be entered. On April 27, appellant Smith filed a notice of appeal from that order, which appeal was docketed as 89-1380. In response, the FDIC filed its cross-appeal in May.
 
 
 9
 On July 11, realizing that it had failed to enter a separate judgment in accordance with Fed.R.Civ.P. 58, the district court entered final judgment, which it amended July 25 to include language certifying the judgment for appeal pursuant to Rule 54(b). Then, on August 3, Smith moved to dismiss his first appeal for lack of compliance with Rule 58, and filed a second notice of appeal, docketed as 89-1722, from the amended judgment of July 25. This Court denied Smith's motion to dismiss his first appeal. One month later, the first appeal was dismissed anyway by the Clerk of this Court for want of prosecution due to Smith's failure to file a brief. The FDIC's cross-appeal, still pending in 89-1380, and Smith's appeal in 89-1722, therefore, are now before us.
 
 
 10
 Jurisdiction.
 
 
 11
 The FDIC raises the issue of this Court's jurisdiction to hear appellant Smith's appeal in 89-1722 due to the fact he had already filed a valid notice of appeal, 89-1380. This Court, however, has already addressed this exact issue in its Order dated November 28, 1989. We denied the FDIC's motion to dismiss Smith's appeal in 89-1722. We properly have jurisdiction to hear Smith's appeal numbered 89-1722.
 
 
 12
 The Amended Complaint.
 
 
 13
 The heart of Smith's appeal centers on the decision of the district court to allow the FDIC to amend and restate its original complaint, pursuant to Fed.R.Civ.P. 15(c), in order to state a new legal theory for relief against appellant Smith. Smith contends that the court erred in doing so because any claim pursuant to 28 U.S.C. Sec. 2410(c) was time-barred. Smith urges that the district court impermissibly expanded the one year period of limitations applicable to actions under the redemption statute.[2] The FDIC undertook to amend its complaint and state the new cause of action more than sixteen months after the date of the sale.
 
 
 14
 We do not accept Smith's contention. First, Smith never opposed the FDIC's motion to amend its complaint, nor did he oppose its motion for partial summary judgment. If, as is likely, Smith failed to raise the issue in district court, he cannot raise it for the first time on appeal. See Fed.R.Civ.P. 46; Trustees of Sabine Area Carpenters' Health & Welfare Fund v. Ron Lightfoot Home Builder, Inc., 704 F.2d 822, 828 (5th Cir.1983).
 
 
 15
 In any event, on the substantive claim, Smith cannot prevail. As recognized by the FDIC, Smith's basic complaint is that he is prejudiced by the mere operation of Rule 15(c), which allows amendments otherwise time-barred to "relate back" to the date of the original pleading. He urges that the rights asserted in the FDIC's amended complaint do not arise "out of the conduct, transaction or occurrence" set out in the original complaint, as required by Rule 15(c).[3]
 
 
 16
 Rule 15(c) in terms belies appellant's contention. The key phrase "conduct, transaction, or occurrence" is in the disjunctive. While there may be an allegation of conduct in the first complaint that is dropped in the second complaint, the transaction or occurrence upon which the complaint is based is identical in both the original complaint and the amended complaint.
 
 
 17
 This analysis is supported thoroughly in the cases. Thus, in Woods Exploration and Production Co. v. Aluminum Co. of America, 438 F.2d 1286 (5th Cir.1971), cert. denied, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972), the allegation was that certain gas field producers had filed false nomination forecasts with the Texas Railroad Commission for the purpose of reducing the plaintiffs' production allowables. An amended complaint focused upon the alleged monopolization of production and marketing. We held that the amended complaint related back to the date of the original complaint and thus avoided being barred by the statute of limitations. The Court engaged in a thorough analysis of the issue and stressed the importance of a liberal application of Rule 15(c). Appellant Smith in his brief relies upon the case of Holmes v. Greyhound Lines, Inc., 757 F.2d 1563 (5th Cir.1985), but the Holmes case is readily distinguishable from the case before us. In Holmes, the original complaint alleged that an arbitration award should be set aside because of the arbitrators' improper conduct. The amended complaint instead was directed against the union and asserted a breach of its duty of fair representation with respect to events which had occurred prior to the date of the arbitration award. It is obvious on its face that the amended complaint involved a different claim involving different events. Such is not the case before us.
 
 
 18
 Much more analogous is the case of Johansen v. E.I. DuPont de Nemours & Co., 810 F.2d 1377 (5th Cir.), cert. denied, 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). This case involves a personal injury action growing out of an oil field accident. The original complaint was based upon products liability. The complaint was amended to add claims predicated on breach of implied and express warranty. We held that under Rule 15(c) the complaint properly related back to the filing of the original complaint even though the theory of recovery was wholly different. Wright, Miller, Kane, FEDERAL PRACTICE & PROCEDURE, Vol. 6A, Sec. 1497, p. 94, states the law succinctly:
 
 
 19
 The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.
 
 
 20
 One of the cases cited to support this statement is United States v. Johnson, 288 F.2d 40 (5th Cir.1961). In this case Johnson sued the government for failure to carry out a promise to compensate the Johnsons for damage to their property from a nearby Air Force Base so that they could move away. After limitations had run, they filed an amended complaint describing seven crashes caused by negligence of the United States in which the aircraft landed "in or about" the Johnsons' land. They also alleged illegal low level flights had been carried out. We recognized that the original complaint made no reference to any specific crashes or illegal low level flights or negligence of the government in connection with the specific crashes. We recognized that there had been a complete change in legal theory in the amended complaint but found that the claim "continued to arise out of the conduct, transaction, or occurrence attempted to be set forth in the original complaint" (emphasis added), id. at 42. We allowed the relation back.
 
 
 21
 Finally, appellant contends that the rule is that the amendment cannot be granted if it prejudices the person against whom the claim is made. Any claim of prejudice must fall upon deaf ears in this case. All the amendment did was eliminate the need of defendant to preserve evidence in his defense. The amendment relieved defendant of an obligation because it simply invoked a statutory remedy over which defendant had no control. Thus, he could not be prejudiced.
 
 
 22
 We must, therefore, uphold the power of the district court to grant the FDIC's amendment to the complaint as relating back to the date of the original complaint and thus avoiding any issue of the expiration of the limitations period.
 
 
 23
 FDIC Cross-Appeal.
 
 
 24
 In amending its complaint the FDIC dropped the allegations concerning fraudulent misconduct on the part of appellant in the foreclosure proceeding.
 
 
 25
 The FDIC pursued its cross-appeal as a protection in case we held that the amended complaint was barred by the statute of limitations. The FDIC in this appeal has been granted its full power of redemption under the terms of the statutory authority in 28 U.S.C. Sec. 2410(c). The FDIC concedes in its brief that with our holding affirming the right to redeem, the FDIC's appeal in 89-1380 is properly dismissed as moot.
 
 
 26
 89-1722, AFFIRMED.
 
 
 27
 89-1380, APPEAL DISMISSED.
 
 
 
 [1]
 The FDIC acquired the Deed of Trust as part of the assets transferred to it when the previous holder, a bank and trust company, became insolvent in 1986
 
 
 [2]
 Section 2410(c) provides in relevant part: "Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem."
 
 
 [3]
 Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading by leave of the court, and that "leave shall be freely given when justice so requires"
 Rule 15(c) provides in part:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of original pleading.