United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30244
Summary Calendar

DEBBIE WILLIAMS,

Plaintiff-Appellant,

versus

CYTEC INDUSTRIES, INC., ET AL,

Defendants,

PAPER, ALLIED-INDUSTRIAL, CHEMICAL AND
ENERGY WORKERS INTERNATIONAL UNION,
AFL-CIO-CIC, LOCAL 4-447,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(2:04-CV-761)
--------------------

Before JONES, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Debbie Williams appeals from the district

court's grant of Defendant-Appellee's ("the Union") motion for

summary judgment, as a result of which Williams's claim against the

Union for breach of its duty of fair representation under the Labor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Management Relations Act ("LMRA"),[1] the National Labor Relations Act ("NLRA"),[2] and the Labor Management Reporting and Disclosure Act ("LMRDA").[3] We affirm.

The factual background of this case is well and fully set forth in the district court's Order and Reasons filed January 14, 2005. Against her Union, Williams first asserted a claim under § 301(a) of the LMRA. The district court granted the Union's motion for summary judgment on the ground that Williams's claim under the LMRA was time barred by the applicable statute of limitations of six months. The court correctly cited <u>Barrett v. Ebasco Constructors, Inc.</u>[4] for the proposition that the statutory period begins to run "when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations."

Williams testified unequivocally that she filed her EEOC charge on April 11, 2003, because she had realized the previous month that her union grievance "wasn't going any further," and that she "felt the Union wasn't prepared to do any more with the grievance." This determination by Williams was grounded in the fact that the training class that sits at that vortex of this

---

[1] 29 U.S.C. § 1985.

[2] 29 U.S.C. §§ 151-169.

[3] 29 U.S.C. §§ 411(a), 529.

[4] 868 F.2d 170, 171 (5th Cir. 1989).

controversy had been made available to Williams and was taken by her on April 8, 2003. Despite the vigorous argument of counsel for Williams, the district court found — and we agree — that Williams's testimony constitutes her concession that she knew or should have known no later than April 11, 2003, that the Union was not going to pursue her grievance. Taking that as the outside date, the statute of limitations on this claim ran no later than October 11, 2003. The fact that Williams was contacted by a Union representative approximately a year later and that her grievance was formally rejected by vote of the Union's members after that does not change the fact to which she testified regarding her knowledge. As such post-hoc facts cannot, as the district court observed, breathe life back into her prescribed claim, it was time barred.

The district court also correctly dismissed Williams's complaint under the LMRDA because, as a matter of law, she could not assert a claim under that statute. Properly relying on <u>Breininger v. Sheet Metal Workers Int'l Assn. Local Union No. 6</u>,[5] the district court noted the limited scope of the LMRDA's prohibition of fining, suspending, expelling, or otherwise disciplining union members for exercising their rights secured by the Act. The court relied on one of its recent opinions grounded

---

[5] 493 U.S. 67, 91 (1989).

in Breininger[6] to reject Williams's claim as not implicating "discipline" within the meaning of the LMRDA. Given the vote of the Union membership against censure or any other punishment of Williams, she was not fined, suspended, expelled, or "otherwise disciplined." In this reasoning, the district court was also correct.

For the foregoing reasons, as more fully set forth in the aforesaid Order and Reasons of the district court, its grant of summary judgment dismissing with prejudice Williams's claims against the Union for breach of its duty of fair representation under the LMRA, the NLRA, and the LMRDA is, in all respects, AFFIRMED.

---

[6] Hebert v. General Truckdrivers, Chauffeurs, Warehousemen & Helpers, Local 270, No. 03-1744, 204WL1597144 at *4 (E.D.La. Jul. 16, 2004)("A local union's action or inaction in processing a grievance is not 'discipline' or punishment within the meaning of the [LMRDA]").

4