United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50979
Summary Calendar

JOSE CRISTOBAL CARDONA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; D'WAYNE JERNIGAN; VAL
VERDE CORRECTIONAL FACILITY, also known as the Geo Group Inc.; JOHN
SALAZAR, Captain; ROBERT ARRAMBIDE; RALPH MOSSMAN;
JOHN CAMPBELL,

Defendants-Appellees.

JOSE CRISTOBAL CARDONA,

Plaintiff-Appellant,

versus

VAL VERDE CORRECTIONAL FACILITY; JOHN C. SALAZAR,
also known as Captain Salazar; D'WAYNE JERNIGAN, Sheriff;
JOHN CAMPBELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:02-CV-73
USDC No. 2:02-CV-77
--------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Jose Cristobal Cardona, federal prisoner # 40869080, moves for leave to proceed in forma pauperis (IFP) following the district court's order denying IFP and certifying that his appeal is not taken in good faith. Cardona also moves for appointment of counsel. Cardona pursued relief in parallel actions pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and his actions were consolidated in the district court.

Cardona argues that the district court erred by disposing of his Bivens claims against Assistant U.S. Attorney Arrambide and U.S. Marshal Mossman as time-barred because his amended complaint did not relate back to his initial complaint. Cardona contends that he was entitled to equitable tolling and that his amended complaint should have related back to his initial complaint. He argues as to his Bivens and § 1983 actions that the restrictions placed on his visitation, correspondence, and telephone access violated his constitutional rights and that the use of chemical agents violated the Eighth Amendment.

The district court erred by disposing of the Bivens claims against Arrambide and Mossman as time-barred because Cardona's amended complaint did not relate back to his initial complaint. See Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir. 1985); FED. R. CIV. P. 15(c). Cardona's IFP motion therefore is granted. However, all of Cardona's Bivens claims against Arrambide

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Mossman are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). We therefore affirm the district court's judgment on the alternative <u>Heck</u> basis. <u>See</u> <u>Sojourner T. v. Edwards</u>, 974 F.2d 27, 30 (5th Cir. 1992).

To the extent that Cardona's § 1983 claims regarding the restrictions placed upon him are intertwined with his contention that he was unable to prepare and present an adequate defense, those claims are barred by <u>Heck</u>. <u>See</u> <u>Clarke v. Stalder</u>, 154 F.3d 186, 189-90 (5th Cir. 1998) (en banc). Moreover, Cardona alleges no specific facts to support his legal arguments regarding his § 1983 claims. He has failed to brief those issues for this court's consideration. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Cardona has not shown exceptional circumstances requiring the appointment of counsel. <u>See</u> <u>Cupit v. Jones</u>, 835 F.2d 82, 96 (5th Cir. 1987).

IFP GRANTED; AFFIRMED; APPOINTMENT OF COUNSEL DENIED.