# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

No. 12-20259
Summary Calendar

Lyle W. Cayce
Clerk

MARTHA L. ANGLIN,

Plaintiff-Appellant

v.

CERES GULF INC; INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, 1351; SOUTH ATLANTIC AND GULF COAST DISTRICT
EXECUTIVE BOARD, INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION; WEST GULF MARITIME ASSOCIATION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2082

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Martha Anglin appeals the district court's grant of summary judgment to Defendants-Appellees in this labor dispute case. Anglin was an employee for Defendant Ceres Gulf, Inc., pursuant to a collective bargaining agreement (CBA) between Anglin's Union, Defendant South Atlantic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20259

and Gulf Coast District (SAGCD) representing Defendant International Longshoremen's Association Local No. 1351, and Defendant West Gulf Maritime Association (WGMA), a multi-employer bargaining representative. Anglin's claims arise out of negotiations in November 2009 between her, Ceres, and Local 1351 regarding her ability to resume work after she suffered job-related illnesses. She ultimately lost her "regular" employee status and had her hours reduced. We review the district court's grant of summary judgment *de novo*. *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011). For the reasons that follow, we AFFIRM.

1. Anglin alleges that the Union Defendants, SAGCD and Local 1351, breached their duties of fiduciary duty and fair representation by failing to represent her properly during negotiations with Ceres and WGMA. The district court awarded summary judgment to the Union Defendants on the ground that because Anglin's claims were governed by § 301 of the Labor Management Relations Act,[1] those claims were time-barred by the six-month statute of limitations for fair representation claims governed by the LMRA. We agree. The limitations period for a fair representation claim begins "when the plaintiff either knew or should have known of the injury [i.e., the breach] itself." *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989). Here, the Union Defendants' breach would have occurred at the latest during Anglin's negotiations with Ceres and WGMA in November 2009. Anglin has provided no evidence that she did not know or should not have known by the end of those negotiations that the Union had improperly represented her. The only evidence to which she cites is that in August 2010, she learned that the Union Defendants had allegedly divulged confidential information to Ceres. However, this evidence is inapposite, as it

---

[1] The district court first determined that the LMRA governs Anglin's claims against the Union Defendants. Since Anglin does not dispute this issue on appeal, we assume without deciding that the LMRA governs.

neither proves nor disproves that Anglin was unaware of any breach by the Union later than November 2009. Because she did not file suit until June 2010, her claims against the Union Defendants are time-barred.

2. The district court awarded summary judgment to Defendants Ceres and WGMA on the ground that Anglin had no standing to sue them, since she has not yet exhausted the grievance procedure and arbitration process outlined in the CBA. Again, we agree. A plaintiff is ordinarily "required to attempt to exhaust any grievance or arbitration remedies provided in [a] collective bargaining agreement" before seeking relief in federal court. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163, 103 S. Ct. 2281, 2290 (1983); *see Harris v. Chem. Leaman Tank Lines, Inc.*, 437 F.2d 167, 170 & n.3 (5th Cir. 1971). The CBA here explicitly states that its "grievance procedure and arbitration shall be the exclusive remedy with respect to any and all disputes arising between" the Union and/or employee, and the employer. This procedure controls all of Anglin's claims against Ceres and WGMA and must be exhausted before she can file suit in federal court.

3. Anglin has confirmed in testimony that she has never initiated the CBA's grievance procedure. She nevertheless argues that she met the exhaustion requirement because "she asked her union representative to immediately discuss the problem with [Ceres's] representatives" but Ceres and WGMA allegedly failed to respond. In other words, Anglin appears to be arguing either (1) that her duty to exhaust the grievance procedure was discharged when she requested that the Union hold informal discussions with Ceres, or (2) that her duty was excused by Ceres and WGMA's alleged inaction, or (3) both. We disagree. A plaintiff employee must "attempt to exhaust" a CBA's grievance procedure. *DelCostello*, 462 U.S. at 163, 103 S. Ct. at 2290. Anglin had participated in the grievance procedure before and knew how to follow up directly with WGMA and that she could file a formal request for a grievance, neither of which she

attempted. Anglin does not argue that Ceres and WGMA's inaction was a repudiation of the grievance procedure or that exhaustion would be futile. *See Mitchell v. Cont'l Airlines, Inc.*, 481 F.3d 225, 231 (5th Cir. 2007). On the contrary, there is ample evidence that the last time Anglin utilized this procedure, Ceres and WGMA followed through with it. For these reasons, Anglin has not satisfied the exhaustion requirement, and she therefore has no standing to pursue her claims against Ceres and WGMA in federal court.

AFFIRMED.