# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2015

Lyle W. Cayce
Clerk

CALVIN R. CARRICK,

Plaintiff-Appellant

v.

AT&T, INCORPORATED; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-372

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.
PER CURIAM:[*]

Calvin Carrick appeals the dismissal of his complaint against his former employer, AT&T Inc., and his union, Communications Workers of America, AFL-CIO (CWA), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Carrick sued after he was terminated from Southwestern Bell for poor job performance and his grievance was denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10831

The district court dismissed Carrick's suit after it determined that Carrick had brought a claim that the defendants violated only §§ 7 and 8 of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157, 158, and that the National Labor Relations Board (NLRB) had exclusive jurisdiction. The district court added that to the extent that Carrick sought to appeal the NLRB's decision dismissing his charge that the CWA failed in its duty of representation, such an appeal had to be made directly "to the relevant court of appeals."

We review a Rule 12(b)(6) dismissal de novo. *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). Dismissal under Rule 12(b)(6) is appropriate if a claim is subject to federal preemption. *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 473 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1876 (2014).

Section 8(d) of the NLRA mandates that employers and unions bargain in good faith over "wages, hours, and other terms and conditions of employment." 29 U.S.C. § 158(d). In *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 244-45 (1959), the Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted." Carrick argues that the district court erred when it determined that it lacked jurisdiction over his complaint because his complaint alleged a duty of fair representation (DFR) claim, as well as a collective bargaining agreement (CBA) claim, and that both claims constituted a claim for "Unfair Labor Practices."

Carrick may not urge a DFR or CBA claim in addition to his § 8(d) claim at this juncture. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir.

No. 14-10831

2008); *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 818 (5th Cir. 2002). Given that Carrick argued a violation of § 8(d) only, the district court's Rule 12(b)(6) dismissal for lack of jurisdiction was proper. *See Garmon*, 359 U.S. at 245.

Even if this court were to consider Carrick's DFR claim against CWA, and deem his suit a hybrid, *see United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61-62, 66 (1981), it is time barred because the most recent events of which he complains occurred in 2010. *See DelCostello v. Teamsters*, 462 U.S. 151, 171 (1983); *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989). To the extent that Carrick "disagrees" with the district court's statement that if he wished to appeal the NLRB's decision, he had to appeal "to the relevant court of appeals," his argument is unavailing. *See NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. 112, 118-19 (1987).

AFFIRMED.